■ JOHN KING et al., Respondents-Appellants, v COMPUTER CONSOLES, INC., et al., Appellants-Respondents. (Appeal No. 3.) [709 NYS2d 461] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Stander, J. (Appeals from Judgment of Supreme Court, Monroe County, Stander, J.—Contract.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.

■ In the Matter of MICHAEL MINTON, Petitioner, v JAMES F. NEWTON, as Superintendent of Watertown Correctional Facility, Respondent. [708 NYS2d 684] —Determination unanimously confirmed without costs and petition dismissed (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DUNN, Appellant. (Appeal No. 1.) [708 NYS2d 688] —Judgment unanimously affirmed. Memorandum: By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that his guilty plea was not knowingly, voluntarily and intelligently entered (see, People v Maeweather, 248 AD2d 994, lv denied 92 NY2d 855; People v Garrow [appeal No. 1], 233 AD2d 856, lv denied 89 NY2d 942). This case does not come within the narrow exception to the preservation rule (see, People v Lopez, 71 NY2d 662, 665-666). In any event, the record establishes that defendant knowingly, voluntarily and intelligently waived his rights when pleading guilty (see, People v Harris, 61 NY2d 9, 17; People v Sargent, 100 AD2d 978). Although defendant was not sentenced by the Judge who accepted the guilty plea, any error arising therefrom is harmless because defendant received the negotiated sentence. Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Kirk, J.—Arson, 2nd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DUNN, Appellant. (Appeal No. 2.) [708 NYS2d 925] —Judgment unanimously affirmed. Same Memorandum as in People v Dunn ([appeal No. 1] 272 AD2d 928 [decided herewith]). (Appeal from Judgment of Oneida County Court, Kirk, J.—Burglary, 2nd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DUNN, Appellant. (Appeal No. 3.) [708 NYS2d 689]

—Judgment unanimously affirmed. Same Memorandum as in *People v Dunn* ([appeal No. 1] 272 AD2d 928 [decided herewith]). (Appeal from Judgment of Oneida County Court, Kirk, J.—Arson, 3rd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO MAYES, Appellant. [708 NYS2d 662] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) and manslaughter in the first degree (Penal Law § 125.20 [1]) and sentencing him to consecutive terms of incarceration of 21 years to life and 4 to 12 years respectively. Supreme Court did not err in denying defendant's motion to withdraw the guilty plea. The contents of the newspaper article had no effect on the validity of the plea previously entered. Moreover, defendant's assertions in support of the motion establish that defendant, at the time of the plea, was aware of all facts necessary to support a claim of self-defense. Defendant was informed of the maximum possible sentence, and thus his challenge to the severity of the sentence is foreclosed by his waiver of the right to appeal (*see, People v Lococo,* 92 NY2d 825; *People v Hidalgo,* 91 NY2d 733, 737). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL L. BEYOR, Appellant. [708 NYS2d 535] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]) and other charges as a result of a fire that destroyed his mobile home. We reject the contention of defendant that he was denied due process of law by the delay in perfecting his appeal. Defendant failed to demonstrate any prejudice resulting from the delay (*see, People v Cousart,* 58 NY2d 62, 68; *People v Jackson,* 258 AD2d 920, *lv denied* 93 NY2d 926; *People v Foley,* 203 AD2d 952, *lv denied* 83 NY2d 967).

Defendant contends that the evidence is legally insufficient to establish that he intentionally caused the fire because the jury failed to exclude to a moral certainty every hypothesis of innocence. That standard, however, is "available only to a trier of fact * * * A court reviewing legal sufficiency of the trial evidence must instead determine whether any valid line of reasoning and permissible inferences could lead a rational person